# CASES DETERMINED

IN THE

# SUPREME COURT OF ARKANSAS

SOUTHERN SAND & MATERIAL CO. *v.* STATE OF ARKANSAS
Ex REL., ATTORNEY GENERAL.

## Opinion delivered November 15, 1915.

1. CORPORATIONS—CHARTER—CONTRACT WITH STATE—REMOVAL OF SAND FROM RIVER BED.—The issuance of a charter to a corporation authorizing it to engage in the business of taking sand from the bed of the Arkansas River, does not confer a property right upon the corporation in the sand and gravel lying in the river bed, but merely creates a body corporate for the purpose of engaging in that business.

2. NAVIGABLE STREAMS—SAND AND GRAVEL—CHARTER TO CORPORATION.— The State holds the beds of the navigable streams for the common use of her citizens, and by issuing a charter to a corporation does not bind herself not to change the terms upon which the material can be taken out of the beds of the streams.

Appeal from Pulaski Chancery Court; *Jno. E Martineau,* Chancellor; affirmed.

*John W. Newman,* for appellant.

Under section 851 of Kirby's Digest; appellant was given the same power as a natural person to acquire and hold property, and taxes have been, and are, collected from it on that theory. The Act of 1913, while not denying to the appellant the right to enjoy the common property, attempts to charge more than is charged other tax payers and other persons who are similar in every respect, so far as the reason of the act is concerned, except in name.

The question involved here is whether this inequality is justified by placing corporations in one class and

natural persons in another. To justify the additional burden it must be considered as a reasonable amendment to the charter of appellant. The classification is purely arbitrary, and, instead of being a reasonable amendment to appellant's charter, is an unconstitutional infringement upon property rights. 87 Ark. 587; 130 U. S. 630; 216 U. S. 400; 47 L. R. A. 338.

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellee.

Appellant's contention touching the inequality of the law, and that the law compels it to undergo unfair competition with natural persons engaged in taking sand from the Arkansas River under similar conditions to which it operates, was decided adversely to appellant on the former appeal. That opinion is the law of the case. 113 Ark. 149, 159. See, also 140 Pac. (Kan.) 637, 652.

McCulloch, C. J. This is an action instituted by the Attorney General, in the name of the State, against appellant, a domestic corporation, to recover the price of the aggregate quantity of sand and gravel taken by appellant from the bed of the Arkansas river. It was instituted under an act of the General Assembly of 1913, which act provides that a "railway company, corporation or company may take from said navigable stream sand and gravel by paying into the State treasury the sum of not less than 4c per cubic yard for sand and not less than 5c per cubic yard for gravel." There was a trial of the case upon testimony which was undisputed that appellant had removed from the bed of the Arkansas River, after the passage of said statute and prior to the commencement of this suit, sand and gravel sufficient to make the aggregate price of $4,297.63 at the prices named in the statute. Judgment was rendered against appellant for the sum named above and an appeal has been prosecuted to this court.

This case was here before, on a former appeal from a judgment sustaining a demurrer to the complaint, and an attack was made on the constitutionality of the statute. We upheld the statute, and the law of the case is laid

down in the opinion. 113 Ark. 149. It is unnecessary to repeat what was then said with regard to the validity of the statute. Appellant filed an answer when the case was remanded for further proceedings and set up the fact that in the year 1908 it was incorporated for the specified purpose "to operate a dredging and pumping outfit for the purpose of obtaining sand from the Arkansas and any other river, and that that operated as a contract with the State which is in effect abrogated by operation of this statute, if valid.

It is argued now that the statute is invalid so far as applicable to the plaintiff because it in effect abrogates the contract of the State. It is sufficient to say in reply to that argument that the articles of incorporation do not constitute a contract on the part of the State to permit the corporation to take sand contrary to any lawful rights therein which the State might thereafter see fit to assert. In other words, the issuance of a charter to the corporation authorizing it to engage in the business of taking sand from the bed of the Arkansas River did not confer a property right upon the corporation in the sand and gravel lying in the river bed, but merely created a body corporate for the purpose of engaging in that business. The State holds the beds of the navigable streams for the common use of her citizens, and by issuing a charter to a corporation does not bind herself not to change the terms upon which the material can be taken out of the beds of streams.

According to the law as settled in the former opinion, which has become the law of this case, appellant is liable for the price of the material taken out of the bed of the Arkansas River, and there is no dispute as to the amount so taken.

The decree is therefore affirmed.